IN RE COMPLAINT OF HENRY T. BLAKE CONCERNING REJECTED BALLOT.

Third Judicial District, New Haven, Special Session, Dec. 9, 1904.
Third Judicial District, New Haven, January Term, 1905.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

General Statutes, §§ 1683, 1684, relating to judicial proceedings for the revision and correction of alleged errors of moderators at State elections, contemplate action by the Supreme Court of Errors only by way of review of questions of law decided by a judge of the Superior Court; and in the absence of such decision this court has no jurisdiction.

The method of "appeal" or review prescribed in these sections is exclusive, and therefore an appeal is of no avail which is not taken until after the time has expired within which this court must act in order to effectuate the expressed purpose of the statute.

What effect this statute may have upon the mode of determining the election of State officers which is prescribed by the Constitution, quære.

Argued and decided December 9th, 1904.

Argued January 19th—decided March 9th, 1905.

COMPLAINT by an elector of the town of New Haven claiming to be aggrieved by a ruling of the moderator rejecting his ballot cast at the State election held in New Haven in November, 1904; brought to *Hon. George W. Wheeler*, a judge of the Superior Court, under General Statutes, § 1683.

An order of notice was issued by *Judge Wheeler*, reciting that it did not appear that any candidate for office at said election would be affected by the decision on said complaint, nor any other parties except the State, and directing notice of the hearing to be given to the Attorney-General. The latter appeared for the State at the hearing, and a certificate was signed by *Judge Wheeler* containing a finding as to the material facts alleged in the complaint; stating certain questions of law which were raised by the complainant and "which he claims should be reviewed by the Supreme Court of Errors"; and concluding thus: "Wherefore, pursuant to the terms of § 1684 of the General Statutes of Connecticut of 1902, and by agreement of the counsel herein represented, the undersigned hereby transmits this certificate, including a copy of the complaint, which is hereto annexed, together with this finding of facts, and the complainant's questions of law, to the Chief Justice of the Supreme Court of Errors." This course was taken in the belief on the part of the counsel for the plaintiff and the Attorney-General that it was a proper mode of bringing the questions of law so stated before the Supreme Court of Errors.

The Chief Justice, on receipt of the certificate, acting under General Statutes, § 1684, called a special session of the court, at the opening of which, at the request of the court, the question of jurisdiction was first argued.

*George D. Watrous*, for the complainant.

*William A. King*, Attorney-General, for the State.

The Attorney-General stated that he interposed no objection to the consideration of the questions of law presented by the certificate.

The court retired for consultation, and on its return dismissed the cause for want of jurisdiction.

BALDWIN, J. The present proceeding is not a reservation under General Statutes, § 751. We are not asked for

advice as to any judgment to be rendered in the future by a judge of the Superior Court, but for a decision to be communicated to the secretary of the State.

Nor is it an appeal, under General Statutes, § 807, from a final judgment of a judge of the Superior Court for error in any decisions or rulings by him upon questions of law in a proceeding within his jurisdiction. No decision or ruling was made by *Judge Wheeler* upon any of the questions of law which were raised before him; no final judgment has been rendered by him disposing of the complaint; and no appeal has been taken in the proceeding to the term of this court next to be held in this or any other judicial district.

If we possess jurisdiction to hear this cause, it must be by virtue of General Statutes, §§ 1683, 1684. These sections contemplate action by this court only by way of review of questions of law decided by a judge of the Superior Court. His certificate of his " finding or decision," if he find that there was " any error in the rulings of the moderator, or any mistake in the count of said votes," is to be transmitted to the secretary of the State, in which case it is made " final and conclusive upon all questions relating to errors in the rulings of said moderators and to the correctness of said count, and shall operate to correct the returns of such moderators or presiding officers so as to conform to such finding or decision, unless the same be appealed from as hereinafter provided." The provision to which reference is thus made is found in § 1684, which reads as follows :—

" If, upon any such hearing by a judge of the superior court, any question of law shall be raised, which any party to the complaint shall claim should be reviewed by the supreme court of errors, such judge, instead of filing the certificate of his finding or decision with the secretary of state, shall transmit the same, including therein such questions of law, together with a proper finding of facts, to the chief justice of the supreme court of errors, who shall thereupon call a special session of said court for the purpose of an immediate hearing upon the questions of law so certified; and a copy of the finding and decision so certified by the judge

of the superior court, together with the decision of the su-
preme court of errors on the questions of law therein certi-
fied, shall be duly attested by the clerk of the supreme court
of errors, and by him transmitted to the secretary of state
on or before the third Monday of the December next suc-
ceeding such election ; and the finding and decision of the
judge of the superior court, together with the decision of
the supreme court of errors on the questions of law thus
certified, shall be final and conclusive upon all questions
relating to errors in the rulings of said moderators and to
the correctness of said count, and shall operate to correct
the returns of such moderators or presiding officers so as
to conform to such decision of said court."

It thus appears that the certificate of the judge of the
Superior Court is to be filed with the secretary of the State
unless his " finding or decision " be " appealed from " by a
party to the proceeding, who desires that a question of law
raised before the judge may " be reviewed " by this court.
There can be no judicial review of a question of law which
has not been previously determined.   No decision of any of
the questions of law which were raised before·*Judge Wheeler*
was made by him.   There is therefore nothing to review and
the cause is dismissed for want of jurisdiction.

In this opinion the other judges concurred.

After the dismissal of the case by this court on Decem-
ber 9th, 1904, the parties appeared before *Judge Wheeler* and
requested him to decide the issues raised upon the hearing
previously held by him, and to transmit a certificate of his
finding and decision thereon to the Chief Justice of the Su-
preme Court of Errors.   This request was complied with,
and a decision rendered which upheld the rulings and ac-
tion of the moderator ; and a certificate thereof was trans-
mitted to the Chief Justice on December 14th, 1904.   On
the same day the complainant gave notice of appeal to this
court, and on December 20th filed his appeal, which was
taken to the term next to be held in the third judicial dis-
trict on the third Tuesday of January, 1905.

*Henry T. Blake* and *George D. Watrous*, for the appellant (complainant).

*William A. King*, Attorney-General, for the State.

HAMERSLEY, J.  The complaint is based upon sections of a statute passed in 1895, which, as amended in 1897, appear as §§ 1683 and 1684 in the Revision of 1902.  This Act, entitled " An Act to secure Correct Returns by Moderators of Electors' Meetings," in substance provides that a judge of the Superior Court, or the Supreme Court of Errors upon an appeal in the form of a certificate transmitted by the judge, may, during the period between the day of a State election and the day fixed for the completion of the canvass of the votes by the constitutional board of canvassers, correct the list of votes given at any electors' meeting, prepared and certified at that meeting and transmitted to the secretary of State in the manner prescribed in the Constitution.

Where the title to an office is in issue in an action brought against a *de facto* possessor by a *de jure* claimant affirming his election to office, the court may determine the very right of the election, and, in this investigation, is not necessarily bound by acts of the ministerial officers who conducted the process of election; and where an office is created by statute, or where a statute alone regulates the mode of ascertaining the result of an election to office, it may provide for an action which shall judicially determine the conflicting rights of claimants under an election, before either has taken possession of the office.    But an Act of the legislature which authorizes a court to intervene and control the action of executive officers in ascertaining the result of a State election, during the process of ascertaining that result as prescribed by the Constitution, presents a novel question, involving, according as the provisions of the Act may be construed, other questions of the highest importance.

We cannot review the action of the Superior Court judge without passing upon these questions, or some of them.

But we cannot adjudicate any question involved in the judge's action, not even the preliminary one of the validity of the application, unless that action is brought before us for review by some process authorized by law. This "appeal" is not such process. The appeal was allowed after the time, within which any action of this court to effectuate the purpose contemplated by the Act could be taken in accordance with its provisions, had expired. It is plain, and admitted, that the appeal does not follow the method prescribed by the Act of 1895 for transferring to this court the questions raised before the judge. It is evident from the nature and purpose of the Act that the method prescribed is intended to be exclusive of any other method. For this reason, and because the certificate before us is not a final judgment within the meaning of the statute authorizing appeals to this court, the appeal is not authorized by § 807 relating to appeals from the final judgments of a judge of the Superior Court. The case must therefore be dismissed.

It is ordered that the case be erased from the docket.

In this opinion the other judges concurred.