HENRY T. BLAKE vs. FREDERICK J. BROTHERS.

Third Judicial District, Bridgeport, April Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Under our statutes the moderator of an electors' meeting is a quasi-
    judicial officer, and therefore is not personally liable in damages,
    while acting in good faith, for his errors or mistakes.
In the present case the complaint merely alleged that the moderator
    rejected a ballot cast by the plaintiff which was in his handwriting
    and otherwise marked for identification, but did not aver that

the rejection was malicious, or that the moderator had overstepped the duties imposed upon him by statute. *Held* that a demurrer to the complaint was properly sustained.

Submitted on briefs April 9th—decided May 1st, 1907.

ACTION to recover damages for the alleged wrongful rejection by the defendant, as moderator of a voting district, of a ballot cast by the plaintiff, brought to the Superior Court in New Haven County and tried to the court, *Shumway, J.*, upon a demurrer to the complaint; the court sustained the demurrer and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

The complaint states the following facts : The plaintiff, at the State election held November 6th, 1906, secured an official ballot, duly issued by the secretary of State in blank, and wrote thereon in his own handwriting the names of those persons for whom he desired to vote for governor and other State officers, each under its appropriate title. He sealed the ballot up in an official envelope duly indorsed as the statute requires, and deposited it upon the ballot box in the first ward in the city of New Haven, where he was entitled to vote, and it was received by the moderator and duly placed in the box. During the counting of the ballots after the polls were closed, the defendant, who was moderator of the meeting in said ward, discovered that the plaintiff's ballot had upon it certain identifying marks (in addition to the plaintiff's handwriting) within the meaning of the statute which makes ballots void therefor. No explanation was offered or suggested with regard to said marks. The defendant, as such moderator, on account of said marks and also because said ballot was in writing and not printed as required by law, refused to count it or permit it to be counted, and rejected it as a void ballot and caused it to be placed in a package of rejected ballots and sealed up and deposited with the town clerk as the law requires concerning rejected ballots. This action of the defendant is alleged to have deprived the plaintiff of his rights as an elector, to his damage.

Blake *v.* Brothers.

The defendant demurred to the complaint (1) because it appeared therefrom that the plaintiff's ballot was not printed, but was wholly in his own handwriting; (2) because it appeared that the ballot had upon it, in addition to the handwriting of the plaintiff, certain other identifying marks within the meaning of the statute making ballots void therefor; (3) that the defendant was not liable to the plaintiff in damages, because it appeared from the complaint that in rejecting the plaintiff's ballot the defendant was acting in accordance with the statutes relating to the conduct of elections and prescribing the moderator's duties as to the counting and rejecting of ballots; and (4) because in rejecting the plaintiff's ballot the defendant was acting in a judicial or quasi-judicial capacity, and therefore was not liable in an action for damages, no malice or bad faith on his part being alleged.

*Henry T. Blake* and *George D. Watrous,* for the appellant (plaintiff).

*Leonard M. Daggett, Livingston W. Cleaveland* and *Clarence W. Bronson,* for the appellee (defendant).

THAYER, J. The complaint does not allege, and the plaintiff in his brief states that it is not claimed, that the defendant acted maliciously, or that he overstepped the duties imposed upon him by statute. The plaintiff's contention is that the statute under which the defendant acted violates the Constitution of the State in several respects, and especially in that it deprives the duly-qualified elector of the right of free suffrage, including the right to vote a written ballot and the right to otherwise so mark his ballot that it may indicate who cast it; and that being thus in violation of the Constitution, the statute is no protection to the defendant although he acted in good faith and without malice.

The duties which the statute imposed upon the defendant as moderator of the electors' meeting were of a quasi-

judicial nature. He was called upon to determine a variety of important and difficult questions, involving judgment and discretion, and some of which might require the hearing of testimony. An examination of the numerous cases referred to in the plaintiff's brief, in which some of these questions were brought before this court by parties claiming to have been aggrieved by rulings of such moderators, shows the importance and difficulty of the questions upon which the defendant was called to rule, as well as their quasi-judicial character. The defendant was therefore acting as a quasi-judicial officer in doing the acts now complained of by the plaintiff. In *Perry* v. *Reynolds*, 53 Conn. 527, 535, 3 Atl. 555, we held that such officers are not personally liable in damages for errors or mistakes committed by them when so acting. It follows that the complaint shows no cause of action against the defendant, and the demurrer was therefore properly sustained.

It is unnecessary to consider the other questions raised in the case.

There is no error.

In this opinion the other judges concurred.