HENRY T. BLAKE *vs.* FRANK H. MASON.

Third Judicial District, New Haven, June Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A ministerial act is one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done.

One who acts as moderator of an electors' meeting is not personally liable in damages for refusing, in good faith, to count or permit to be counted, a ballot which, in his opinion, fails to conform to the statutory requirements. This rule extends to the whole conduct of the election official, whether the precise act complained of, when subjected to a strict analysis, would be classed as quasi-judicial or as ministerial in its character. And therefore an action against such person for damages is not adapted to test the constitutionality of the statute under the command of which a ballot is rejected.

Whether the alleged grievance might not be determined in proceedings properly presented under General Statutes, §§ 1683, 1684, or by mandamus, *quære.*

Submitted on briefs June 3d—decided July 20th, 1909.

ACTION to recover damages for the alleged wrongful re-
jection by the defendant, as moderator of a voting district,
of a ballot cast by the plaintiff, brought to and tried by the
Superior Court in New Haven County upon a demurrer to
the complaint; the court, *Shumway, J.,* sustained the
demurrer and rendered judgment for the defendant, from
which the plaintiff appealed. *No error.*

The complaint states, in substance, that the plaintiff
was an elector qualified to vote at the election for State
officers held on the 3d day of November, 1908, in the vot-
ing district in New Haven in which the defendant was the
moderator; that in the manner prescribed by statute, the
plaintiff presented to the election officers for deposit in the
ballot-box, as his ballot, an official ballot containing printed
thereon the names of those persons for whom he desired to
vote, enclosed in a sealed official envelope procured from
the booth-tenders and properly indorsed by them, the said
ballot and envelope being in all respects conformable to
the requirements of statute, except that the ballot had on
its margin, but not encroaching upon the printed parts
thereof, certain marks by which it might be identified, and
from which it might be told who had cast it, within the
meaning and intent of the statute; that said ballot was
received and deposited in the ballot-box; and that after
the closing of the polls and during the count of the ballots
the defendant, in his capacity as moderator, having dis-
covered said ballot among those cast, and no explanation
as to the marks thereon having been offered or suggested,
in obedience to the requirements of statute in such case,
refused to count it or to permit it to be counted, and kept
the same in his possession, and returned it to the town
clerk in a separate package from that containing the
ballots which were counted.   The plaintiff claims to be
aggrieved by this action of the defendant, following his
decision that the ballot violated the provisions of the
statute, to wit, his action in rejecting and refusing to count

it, and in doing with it as the statute prescribes, because he says that the statute, in so far as it attempts to regulate that matter, contravenes the Constitution of this State and is void, and because, by reason of the defendant's compliance with its directions, he, the plaintiff, was unlawfully deprived of his voice as an elector.

*Henry T. Blake* and *George D. Watrous*, for the appellant (plaintiff).

*Edward H. Rogers* and *Edward P. O'Meara*, for the appellee (defendant).

PRENTICE, J.  The plaintiff's purpose in instituting this action, as in those heretofore begun by him, was to secure a judicial declaration that those provisions of our statutes regulating the exercise of the right of suffrage which prescribe the disposition to be made of ballots marked in violation of the regulations contained in the statutes, are unconstitutional and void.  No charge is made that the defendant, as the moderator whose action is made the subject of the suit, acted otherwise than as he was commanded to do, or that he was actuated in what he did by malice or improper motive.  The plaintiff's purpose is to reach the statute, and his complaint has avowedly been drawn to state a case which is not within the ruling of this court in *Blake* v. *Brothers,* 79 Conn. 676, 66 Atl. 501.  Its allegations are studiously framed so that it should appear that the only act of the defendant which is complained of and made the basis of recovery is that of refusing to count or to permit to be counted the plaintiff's ballot, and of pursuing in respect to it the course directed by statute.  It is contended that this act was a ministerial one, pure and simple; that therefore, in respect to it, the defendant cannot avail himself of the protection afforded to one who is engaged in the performance of a discretionary or quasi-judicial act; and

that, as a corollary of this latter proposition, the principles enunciated in *Blake* v. *Brothers* have no application to the situation now presented.

The first of these three propositions is undoubtedly a correct one. Upon the allegations, the quasi-judicial duty which devolved upon the defendant had been performed, and confessedly correctly performed. There only remained to be done that which the law directed to be done in a prescribed manner to carry into effect the conclusions judicially arrived at. "Every purely formal step in a legal process, and everything which is necessary to carry into execution what has been judicially decided, is ministerial." Clerk & Lindsell's Law of Torts, 732. "A ministerial act is one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done." *American Casualty Ins. Co.* v. *Fyler*, 60 Conn. 448, 460, 22 Atl. 494.

The two remaining propositions, however, do not by any means follow from this one. It is true that this case differs from the former in the substantial facts presented as constituting the defendant's alleged delict. They are narrower in their range. But there is nothing here presented as furnishing a ground of action which was not in the former complaint. The difference is one which results from subtraction only. No new thing is added. The delict is now alleged to have consisted in the rejection of the plaintiff's ballot, and in that only. In the former action the rejection of the ballot was as distinctly set out as a wrongful act on the then defendant's part. It was in that case averred that the defendant committed a wrong in other associated matters also. But the present grievance was unmistakably there, and our conclusion that no cause of action was stated, necessarily involved one that there was no right of action resulting from that part of the

defendant's conduct which was identical with that which is now imputed to this defendant. The fact that the ministerial act now made the sole ground of action was in the former case associated with the quasi-judicial act of determining the illegality of the ballot as preliminary to its rejection as illegal and void, did not detract from whatever of force there was in the charge that the act of rejection had been committed. Neither is the effect which is to be given to that association lost, for the reason that, while it now appears as clearly as before, it is not now made the subject of complaint.

Just here lies the fundamental error under which the plaintiff labors, both in discussing the questions of law presented and in making application to the present complaint of the decision in *Blake* v. *Brothers*. That decision was but the formal adoption by this court of the generally accepted rule of law applicable to election officers, who in the performance of their duties are called upon to exercise discretionary powers in the matter of the reception of a proffered vote, and who act bona fide. The extent to which this rule has been recognized, and the reasons for it, well stated, appear in a note to the case of *Blake* v. *Brothers*, 11 L. R. A. (N. S.) 501. See also *Perry* v. *Reynolds*, 53 Conn. 527, 535, 3 Atl. 555. The rule, it will be seen, is not one which is limited in its application to that portion of such official's duty which is quasi-judicial in its character. Neither does it rest upon the general proposition that no personal responsibility is incurred for the manner in which discretionary duty is done, if done honestly and without malice. It is a rule which extends to the whole conduct of the election official in a matter in respect to which the law casts upon him both the quasi-judicial duty of judging and the ministerial duty of giving effect to the conclusion thus arrived at. It recognizes the intimate association of the two branches of his conduct, in spite of a possible technical distinction between them. It rec-

ognizes that from a practical point of view it would be idle to throw the shield of legal protection over him as long as he merely thought, deliberated, or expressed opinions, if that protection was to be withdrawn from him as soon as he took any step to give effect to the conclusions arrived at. It recognizes that election officials are of necessity frequently, and indeed generally, not lawyers, and that they are often called upon to determine legal questions of great difficulty, and to determine them promptly. It recognizes that it would be alike unjust to apply a principle of personal responsibility to honest and fair conduct under such conditions, unwise to interpose so serious an obstacle in the way of the enforcement of proper restraints upon the abuse of the elective franchise, and impolitic to countenance so effective a discouragement of honest and responsible men from accepting a position attended with such hazards. *Blake* v. *Brothers*, 79 Conn. 676, 679, 66 Atl. 501; *Perry* v. *Reynolds*, 53 Conn. 527, 535, 3 Atl. 555.

For these reasons, which are in part none other than those of public policy, the rule adopted in *Blake* v. *Brothers* has received its very general acceptance, so that where quasi-judicial action is required of an official as a preliminary to other action resulting from his conclusion, he may, if he acts bona fide, invoke the protection of the rule, whether in strictness the particular thing complained of, when subjected to analysis, would be classed as quasi-judicial or ministerial in its character. This is the scope of the principle laid down in that case, and it is comprehensive enough to afford the defendant protection for his good-faith conduct in strict conformity with the law in respect to his rejection of the plaintiff's ballot.

The plaintiff urges upon us, in support of his position, that, unless he is permitted to maintain an action of this character, there is open to him no way in which he can test the constitutionality of the statutory provisions in question, and thus secure for himself what he conceives

Blake *v.* Mason.

to be his constitutional rights. Were it so that, being forbidden an action of tort, he would be remediless, it would be a matter for serious consideration, although in *Perry* v. *Reynolds,* 53 Conn. 527, 535, 3 Atl. 555, a precisely similar claim was urged, and we held that such considerations were not sufficient to prevent the adoption of the rule there applied and thence carried into the decision of *Blake* v. *Brothers.*

But we are not now prepared to accede to the plaintiff's premise that the law permits him no redress in any other form of action than the present. We now hold that he cannot secure the end he desires through the medium of a tort action against the election moderator. We have previously held that certain proceedings instituted under §§ 1683 and 1684 of the General Statutes were not brought before us in such manner as to entitle the complainant to such redress as those sections might afford him, and for that reason we then declined to adjudicate the questions attempted to be presented. Further than this, we did not in that case undertake to go. *In re Blake,* 77 Conn. 595, 60 Atl. 292. We did not decide that under no circumstances would those statutes afford redress. Mandamus also is a remedy to which one naturally turns who desires to compel the performance of official duty. We have never said that the plaintiff might not, by a resort to a proceeding of that character, obtain protection of his constitutional rights of suffrage, if they are being invaded by election officials acting under the sanction of invalid legislation and in a manner which is successfully evading redress. More than this we ought not to say concerning the questions and principles which might be involved in some other proceeding, in advance of their being properly before us and before counsel have been heard thereon.

There is no error.

In this opinion the other judges concurred.