GEORGE A. FISHER *v.* HERMAN R. KALLENBACH ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 6—decided November 5, 1948

*Nelson Harris,* for the appellant (plaintiff).

*Pierce J. Gerety,* for the appellees (defendants).

JENNINGS, J.   The plaintiff's complaint claimed a declaratory judgment as to the result of a town election and damages for his ejection from the polling place by the election officials.   The trial court sustained a demurrer to the complaint and the plaintiff appeals from the resulting judgment for the defendants.   The case must be decided on the basis of the allegations of the complaint.

On October 7, 1947, the plaintiff desired to vote for Ferguson for first selectman of the town of Fairfield and for another person whose name appeared as a candidate for the same office on the voting machine immediately above Ferguson's name.   The machine had been so set that it was impossible to do this.   The plaintiff at first requested and then demanded that he be permitted to register his vote in this manner, but the moderator refused both his request and demand. Thereupon the moderator and other defendant election officials ejected the plaintiff from the polling booth under a threat of arrest for breach of the peace if he did not leave.   The plaintiff, under protest, then left the voting booth without registering his vote for Ferguson.   When the machines were opened Ferguson and Frank M. Landy were tied for the office of selectman. Had the plaintiff been permitted to register his vote,

Ferguson would have been the winner instead of being in an apparent tie position.

The plaintiff prayed for a declaratory judgment determining that Ferguson be declared a selectman of Fairfield as a result of the election and $20,000 damages.

The defendants demurred to the prayer for a declaratory judgment on the ground, among others, that not all of the persons having an interest in the subject matter of the complaint were parties to the action or had reasonable notice thereof. Practice Book § 250 (d) lays down this requirement. *Brennan* v. *Russell,* 133 Conn. 442, 445, 52 A. 2d 308. It is obvious that the person principally interested in the result of the election was Ferguson. He was not a party. The ground of demurrer was valid. The plaintiff's claim in this regard is not meritorious as a practical matter, for he could have voted for Ferguson had he so desired. This would have resolved the tie vote.

The plaintiff's second claim is for damages based on a technical assault; in argument, however, he limited his claim in this respect to damages for depriving him of his right to vote. The demurrer to this claim was sustained on the ground that nothing alleged to have been done by the defendants violated the law relating to elections. In Connecticut, election officials who act in good faith and within their jurisdiction are exempt from liability. *Perry* v. *Reynolds,* 53 Conn. 527, 536, 3 A. 555; *Blake* v. *Brothers,* 79 Conn. 676, 679, 66 A. 501; *Blake* v. *Mason,* 82 Conn. 324, 329, 73 A. 782. There is no allegation of bad faith or of acts from which bad faith reasonably can be inferred. General Statutes, Sup. 1945, § 60h, created the office of first selectman. If the plaintiff did not have the right to vote for two persons for first selectman, the election officials were merely performing their duty and acting

within their jurisdiction, and the decision on the demurrer was correct. See General Statutes §§ 288, 728; *In re Application of Clark,* 65 Conn. 17, 30, 31 A. 522. The purpose of an election is to determine which candidate is preferred by a plurality of the voters casting their ballots for the named office. General Statutes § 280. Since the office of first selectman was created by the General Assembly, it follows that the election officials were required to set the voting machines so that the voters had to choose between the candidates for that office. The plaintiff was therefore not legally entitled to vote for two candidates for the same office, and the action of the election officials in refusing to allow him so to vote was correct.

There is no error.

In this opinion the other judges concurred.