THE TOWN OF PRESTON *vs.* THE NORWICH COMPRESSED AIR POWER COMPANY.

Second Judicial District, Norwich, October Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

The defendant made compressed air at its plant in Preston and by means of underground pipes transmitted the greater portion of it to the adjoining town and city of Norwich, where it was sold and used for power and other purposes. The company was located in Norwich, and its charter provided that its property should be listed there for taxation at a sum equal to one and a half times the gross earnings of its business done in that town during the preceding year,

but in no event at less than $100,000; and that it should also be listed in the town of Preston at a sum equal to one quarter of the gross earnings of its business done in both towns during the same period, but at not less than $15,000. The plaintiff assessed the plant situated in Preston, "including the water-power," at $75,000, alleging that to be its fair market value, and sought to recover taxes on that amount, although it appeared from the averments of the answer, which recited the foregoing charter provisions, that the gross earnings from the business done in both towns during the time in question was less than $15,000. On demurrer to this defense it was *held:*—

1. That it was competent for the legislature to determine the *situs* of the defendant's property for purposes of taxation, and to provide for a fair and proper apportionment, between the towns, of the tax which the defendant should pay; and that, so far as the record disclosed, this was the sole purpose of the Act in question.

2. That inasmuch as the plaintiff's assessment of $75,000—which was single and entire—covered the water-power, although that was taxable, under General Statutes, § 2345, in the town of Norwich where it was utilized, it could not be said upon demurrer, and in the absence of any hearing upon the facts, that the balance of the defendant's property in Preston was not adequately and fairly represented by an assessment of $15,000; and therefore the plaintiff's contention, that the charter exempted the defendant's property in Preston from taxation in whole or in part, and thus was in violation of Article First, § 1, of the Constitution of this State in granting "exclusive public emoluments or privileges," was not maintainable.

A court will take judicial notice of the fact that air may be compressed by the force of falling water without the intervention of a water-wheel, and that the water-power may be used at a distance through the medium of the air when so compressed.

Argued October 18th—decided December 16th, 1910.

ACTION to recover taxes, brought to and tried by the Superior Court in New London County, *Shumway, J.,* upon a demurrer to the answer; the court overruled the demurrer and rendered judgment for the defendant, from which the plaintiff appealed. *No error.*

The complaint alleges that the defendant, a corporation under the laws of this State, was, on the first day of October in each of the years for which taxes are sought to be recovered, the owner of certain land situated within the plaintiff town with buildings thereon,

together with compressed air appliances and machinery operated by water-power, including said water-power, consisting of a dam and appurtenances, reservoir and flowage rights; and that this property was assessed against the defendant and set in its list at $75,000, which was then the true, just, fair and market value of the property, by the assessors of the town; that notice of the time and place of receiving the taxes was duly published, and that the taxes have not been paid. ..

As a second defense the answer alleges that in the Act incorporating the defendant it is provided that "after said company shall have entered upon the production of compressed air or steam, as herein authorized, and so long as said business shall be continued, the property of said company shall annually be set in the assessment lists of the town and city of Norwich for taxation at a sum equal to one and a half times the gross earnings of the business done under this charter in the city and town of Norwich for the year ending with the first day of May next previous to such listing, *provided*, that said property shall not be so set in said lists at a sum less than one hundred thousand dollars. And the property of said company, while so engaged in business, shall annually be set in the assessment list of the town of Preston for taxation at a sum equal to one quarter of the gross earnings of the business done under this charter in the town of Preston and the town and city of Norwich for the year ending with the first day of May next previous to such listing, *provided*, that said property shall not be so set in said list at a sum less than fifteen thousand dollars. For the purposes of taxation the said company's dam and water-privilege at the mouth of the Quinebaug River shall be deemed to be situated in the town of Preston. Said company shall not be taxed within the town or city of Norwich or in said town of Preston except as hereinbefore provided; but school

taxes may be assessed against said company within the town of Preston." 13 Special Laws, p. 868, § 14. The answer then alleges that the defendant entered upon the production of compressed air under its charter at a date more than two years prior to the earliest of the assessments mentioned in the complaint, and has continued the business to the present time, and that the gross earnings of the business done under its charter in the town of Preston and the town of Norwich during the year ending with the first day of May prior to the assessment was not $75,000, the sum at which it was listed by the plaintiff, but was a sum less than $15,000, fixed by the defendant's charter as the smallest sum at which it might be listed in the town of Preston, and so the property was not listed as provided in the defendant's charter.

To this defense the plaintiff demurred, upon the ground that it was in direct contravention of Article First, § 1, of the Constitution of the State. The plaintiff appeals, assigning for error the overruling of this demurrer.

*Charles E. Searls* and *Harry E. Back*, for the appellant (plaintiff).

*Joseph T. Fanning*, for the appellee (defendant).

THAYER, J. The only question presented on this appeal is whether the provisions of the defendant's charter relating to the assessment and taxation of its property, which are set up in the second defense to each of the counts of the complaint, are in violation of Article First, § 1, of the State Constitution and therefore void. The plaintiff claims that upon the facts appearing in the pleadings, it is apparent that by the provisions referred to the defendant's property is exempted from

taxation, and thus an exclusive privilege is attempted to be granted to the defendant contrary to the section of the Constitution referred to, which declares "that no man or set of men are entitled to exclusive public emoluments or privileges from the community."

The plaintiff supports its demurrer wholly upon the ground that the defendant's charter exempts it from taxation. If we concede that an exemption from taxation is prohibited by the provision of the Constitution referred to, do the pleadings show that the defendant has been granted such an exemption? We think that they do not. It is clear that full exemption from taxation is not granted to the defendant or its property by the charter. The plaintiff does not claim this, but maintains that there is a partial exemption, and that this is as fully within the prohibition as a full exemption would be. But we think that it does not appear that there has been a partial exemption. All that appears is that the defendant has property of the value of $75,000 situated in the town of Preston. It does not appear that it has any other property anywhere. But it appears that the minimum amount at which its property shall be assessed is $115,000, and, if the corporation's gross earnings reach $67,000 from its business done in the city and town of Norwich, or $60,000 from its business done in Norwich and Preston, it must be assessed at a greater sum. It is true that the larger portion of the assessment thus to be made is to be made by the city and town of Norwich where the defendant corporation is located. The amount of the assessment also is fixed in a different manner from that which is provided by the general law for the assessment of property for taxation. But provisions fixing the *situs* of property for the purposes of taxation are common in the statutes. The general rule is that personal property shall be set in the list in the town where the owner re-

sides. But General Statutes, § 2342, provides that the property of any trading, mercantile, manufacturing, or mechanical business, shall be assessed in the name of the owner in the town where the business is carried on; and in these cases the rule of assessment is the average amount of goods kept on hand for sale during the year, instead of the goods on hand on October 1st, as the rule is in other cases. Chapter 195 of the Public Acts of 1909, p. 1121, provides that any tangible personal property of a nonresident owner which shall have been located in any town other than that of the owner's residence, for seven months in any year, shall be liable for taxation in such town and not taxable in the town where the owner resides. Water-power when used in any other town than that in which the dam, canal, reservoir, or pond creating it is located, shall be assessed and set in the list in the town where it is so used as incidental to the machinery operated by it; and the land occupied by the dam, canal, reservoir, or pond, shall be set in the list of the town where situated at what would be its fair valuation for agricultural purposes. General Statutes, § 2345. These instances show that in some cases the general rules relating to the place and mode of assessment have been departed from. There is nothing in this case to indicate that it was not the sole purpose of the tax provision in the defendant's charter to make a fair and proper apportionment between the towns of Preston and Norwich of the tax which the defendant should pay. There are facts which show that this was presumably the purpose of the provision. The minimum amounts at which the property is to be assessed are too considerable to indicate an intention to make a substantial exemption. The charter shows that at its enactment it was the contemplated purpose of the corporation to develop the water-power at the mouth of the Quinebaug River. This involved

a dam and pond between the towns of Preston and Lisbon, as the river at this point runs between those towns. The power was to be used largely in Norwich. There was to be no water-mill. This is apparent, because if a water-mill was to be set up the defendant would have the power, under chapter 65 of the General Statutes, to take flowage and pondage rights by condemnation proceedings, without a special provision in the charter to that effect; but a provision is inserted in this charter that compressed air plants shall be deemed to be water-mills for the purpose of taking pondage and flowage rights in this manner. The court takes judicial notice of the fact that air may be compressed by the force of falling water without the intervention of a water-wheel, and that the water-power may be used at a distance through the medium of the air when so compressed. The power was to be conveyed to Norwich through underground pipes connected with the plant in Preston. When laid and connected these would become a part of the plant. How, under the laws referred to relating to the taxation of water-power, was such a plant to be taxed? It is apparent that controversies might arise between the towns, and between the respective towns and the defendant, over this question. It is possible that the provision relating to taxation was inserted in the charter to avoid, so far as might be, such controversies.

The plaintiff's real ground of grievance as shown by its argument, is that $15,000, the amount at which, under the charter, the defendant's property should be assessed by the town of Preston, is not the full taxable value of all the defendant's property in that town. The complaint shows the value of the property, but not by items, and it appears that among the items assessed by the plaintiff is the water-power connected with the plant. This item is to be assessed, under § 2345 of the

General Statutes, already cited, in the town where used, and the dam and reservoir in the town where situated at only their value for agricultural purposes, disconnected from the water-power. If this item should be deducted from the plaintiff's assessment there is nothing to show that $15,000 is not the fair market value of the balance of the defendant's property in that town. It might appear, upon a hearing, that the situation is such that the charter works an exemption of the defendant's property, and that the water-power, in the absence of the charter, could properly be assessed by the plaintiff against the defendant. But the case was decided upon demurrer, and the court could not, upon the pleadings, say that but for the charter the water-power was properly assessable against the defendant in the town of Preston, or that the charter grants to the defendant an exemption from taxation in whole or in part, which amounted to a special privilege void under Article First, § 1, of the Constitution. For this reason the demurrer was properly overruled.

There is no error.

In this opinion the other judges concurred.