ANTHONY RESCIGNO *v.* MAX ROSNER.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 3d—decided April 8th, 1938.

*Max H. Schwartz,* with whom, on the brief, was *Alexander Winnick,* for the appellant (defendant).

*Dominic W. Celotto,* for the appellee (plaintiff).

JENNINGS, J.   The complaint in this case, by an employee against his employer, claimed negligence on

the part of the defendant in permitting a dangerous condition to exist in a store. The defendant answered and filed a special defense alleging assumption of risk. The reply denied the special defense, alleging that in continuing in the defendant's employ he was acting on the promise of the defendant to remedy the dangerous condition.

The finding, with such corrections as can be made therein, discloses the following facts: At the time of the accident which is the basis of this suit, the defendant was the owner of a grocery store on Grand Avenue in New Haven and employed the plaintiff as delivery boy and to do odd jobs around the store. A counter ran across the rear of the store to within two and one-half feet of a series of small show boxes along the left wall as one faces the rear of the store. This space was customarily used by the plaintiff and others in passing from the store proper to a room at the rear used as an office and storeroom. The show boxes were set one on the other and were about one and one-half feet wide, a foot high and two feet deep. In the front of each box was a glass fifteen inches long and five inches high to display the merchandise therein. On Saturday night, February 20th, 1937, the glass in one of the show boxes opposite the rear counter was found to be badly cracked but at no time prior to the accident was any of the glass seen to protrude. This condition came to the attention of both plaintiff and defendant at that time. On the following Monday morning the plaintiff called the attention of the defendant to this condition because of the danger of injury from it. At that time the defendant promised the plaintiff that he would replace the glass and the plaintiff, believing the defendant would keep his agreement, continued in the employ of the latter. On the following day the plaintiff was told to sweep up

the front of the store. He procured a broom and bushel basket, filled the basket with rubbish and carried it to the rear of the store. As he was passing through the passage way, a "V" shaped piece of glass, several inches long, which protruded from the broken case, pierced his leg causing severe injury.

The attacks on the finding not recognized in this statement relate mainly to inferences drawn from facts in evidence and included in the finding. Such inferences, if reasonable, are proper. *Meagher* v. *Colonial Homes Co.*, 109 Conn. 343, 348, 146 Atl. 609; *State* v. *Pisano*, 107 Conn. 630, 632, 141 Atl. 660.

The court concluded that the plaintiff was free from contributory negligence, that the defendant was negligent in failing to provide a reasonably safe place for the plaintiff to work and that the plaintiff did not assume the risk of the dangerous condition. It does not follow from the fact that the plaintiff was aware of the existence of a potentially dangerous condition, that he was chargeable with contributory negligence as a matter of law. *Gipstein* v. *Kirschenbaum*, 118 Conn. 681, 687, 174 Atl. 261. The situation was one in which reasonable men might come to different conclusions and the question was therefore one of fact. *Knapp* v. *Connecticut Theatrical Corp.*, 122 Conn. 413, 418, 190 Atl. 291. It differed from that in the cases cited by the defendant. In *Geoghegan* v. *Fox & Co., Inc.*, 104 Conn. 129, 132 Atl. 408, the plaintiff collided with a person directly in his path. The conclusion of the trial court that the plaintiff was guilty of contributory negligence was sustained. In *Seabridge* v. *Poli*, 98 Conn. 297, 119 Atl. 214, the plaintiff fell over a large weighing machine in plain sight.

A master owes a duty to his servant to provide a reasonably safe place to work. *Girard* v. *Grosvenordale Co.*, 82 Conn. 271, 278, 73 Atl. 747. Even if he

fails to do so "the servant assumes the ordinary hazards incident to his employment, and also those hazards of which he has knowledge, either actual or constructive, arising after his employment, if, with a comprehension of the risk and without any promise that the unsafe conditions shall be remedied, or other inducement from the master, he voluntarily continues his employment." *Arnold* v. *Connecticut Co.*, 83 Conn. 97, 100, 75 Atl. 78. Here the finding shows that there was a promise to repair and that the plaintiff acted on that promise in continuing his employment, both of which were pleaded. *Elie* v. *Cowles & Co.*, 82 Conn. 236, 242, 73 Atl. 258.

There is no error.

In this opinion the other judges concurred.