ARLENE SIZER *v.* WAYNE LENNEY ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 6—decided June 3, 1959

*Frank J. McIntosh,* with whom, on the brief, was *Melvin Scott,* for the appellant (plaintiff).

*Allyn L. Brown, Jr.,* with whom, on the brief, were *Charles W. Jewett* and *Paul J. Driscoll,* for the appellees (defendants).

KING, J. The minor plaintiff, by her next friend, sued to recover damages for personal injuries sustained as a passenger in an automobile operated by the named defendant, also a minor, as the admitted agent of his mother, Christine E. Lenney, the defendant owner. It was alleged in the complaint and admitted in the answer that the car, headed west, "went out of control, skidded across the highway, struck a highway fence post" and came to rest on the south shoulder of the road.

Evidence that the defendant operator had ascribed the accident to a sudden application of the brakes to avoid a dog which ran into the highway in front of the car was elicited by the plaintiff in her direct examination of the investigating officer. It was also brought out in the defendants' cross-examination of the same witness. Even though, as the plaintiff now claims, under the theory upon which the case was tried this evidence was not an admission but a mere self-serving declaration and hearsay, the fact remains that it came in without objection. *Perrelli* v. *Savas,* 115 Conn. 42, 43, 160 A.

311; *Johnson* v. *Rockaway Bus Corporation,* 145 Conn. 204, 209, 140 A.2d 708. It remained in the case for what it was worth, though subject to the infirmities of hearsay evidence. *State* v. *Segar,* 96 Conn. 428, 437, 114 A. 389; *Poliner* v. *Fazzino,* 105 Conn. 350, 353, 135 A. 289; *Danahy* v. *Cuneo,* 130 Conn. 213, 217, 33 A.2d 132. It was sufficient to support the finding that the driver applied his brakes and swerved the car in an attempt to avoid hitting a dog and that the collision with the fence post was thus caused.

The burden was on the plaintiff to prove actionable negligence, that is, that the defendant operator was chargeable with negligence in one or more, at least one, of the ways specified in the complaint, and that such negligence, so alleged and proved, constituted a proximate cause of the collision with the fence post and of the plaintiff's injuries. As the court correctly pointed out in its memorandum of decision, even though the car skidded the question remained whether the skidding was caused by the operator's negligence. *Nichols* v. *Nichols,* 126 Conn. 614, 619, 13 A.2d 591. A fact alleged in the specifications of negligence, and which the court found proven, was that the treads of all four tires were well worn, the tread of the left rear tire being worn smooth. The plaintiff claimed that this compelled a finding of actionable negligence. The short answer is that this had no necessary connection with the issue of proximate cause. Especially in the light of the finding as to the dog, the court was entitled to conclude, as it did, that the plaintiff had failed to prove that the condition of the tires was a proximate cause of the accident.

There is no error.

In this opinion the other judges concurred.