JOHN P. LANGIN ET AL. *v.* CITY OF NEW BRITAIN

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued March 9—decided April 17, 1962

*Bernard D. Gaffney,* with whom were *Leo V. Gaffney* and *D. Stephen Gaffney,* for the appellant (defendant).

*Paul G. Cavaliere,* for the appellees (plaintiffs).

KING, J. In September, 1957, the defendant completed the grading and paving of a municipal parking lot which lies between Glen and Arch Streets in New Britain. Previous to that time, there had been one storm-water receiver approximately in the middle of what is now the parking lot. This receiver was connected, through a four-inch pipe, with the main trunk-line storm sewer in Glen Street. Two additional receivers were constructed, each connected, through a twelve-inch pipe, with the original receiver, which was rebuilt. One new receiver was located in a driveway just below the south end of the parking lot, at the bottom of a three-foot drop; the lot sloped upward to the north. The other new receiver was north of the original receiver. The parking lot was so graded that its entire drainage ran into the three receivers. The plaintiffs operated a centerless grinding business on the first floor of a building adjacent to the driveway.

On August 29, 1959, and again on September 3, 1959, the plaintiffs' premises were flooded with water from the receiver in the driveway. The plaintiffs instituted this action to recover damages for injury to their property, on the ground that the defendant had created a nuisance in installing an inadequate storm-water drainage system. Certain of the corrections of the finding sought by the defendant should be made, although many are unimportant in our view of the case. See *Engelke* v. *Wheatley,* 148 Conn. 398, 411, 171 A.2d 402; *Cushing* v. *Salmon,* 148 Conn. 631, 632, 173 A.2d 543.

The plaintiffs' cause of action in nuisance, based, as it was, on the inadequacy of the storm-water

drainage system, required proof that (1) the drainage system installed by the defendant was inadequate to take care of all demands made on it under reasonably to be anticipated ordinary conditions, and (2) this inadequacy was a proximate cause of the flooding and the damage to the plaintiffs. The defendant was not required, however, to provide a system adequate to handle the water from extraordinary storms, that is, storms which, although not unprecedented, occur so rarely that they are unusual and not ordinarily to be expected. *Spitzer* v. *Waterbury,* 113 Conn. 84, 90, 154 A. 157; *State* v. *Ousatonic Water Co.,* 51 Conn. 137, 142; see *Stratford Theater, Inc.* v. *Stratford,* 140 Conn. 422, 423, 101 A.2d 279.

Neither the plaintiffs nor the defendant claimed that either of the two storms was extraordinary, and the finding to the effect that the storm of August 29, 1959, was an ordinary one is supported by the defendant's own appendix. When, during that storm, the plaintiffs arrived at the receiver in the driveway, there were sticks and debris over the grating. The plaintiffs tried to kick the debris away. At this time, the driveway and the plaintiffs' premises were flooded by water which was "surging up" from the receiver. During the previous two years in which the drainage system had been in operation, the plaintiffs had not experienced flooding. There had been a severe drought during 1958.

Since the storm of August 29 was an ordinary one, and the flooding occurred, the next question is whether the court could find, as it did, that the system was inadequate and that this inadequacy was a proximate cause of the flooding. It is clear from the finding, and confirmed by the memorandum of decision, that the court's basic conclusion as

to the inadequacy of the system is predicated on the theory that a four-inch pipe was inadequate in capacity for carrying the additional flow of water from the two new twelve-inch pipes. No other ground of inadequacy is suggested. If each of the two twelve-inch pipes had been filled to capacity and had been directly connected to the four-inch pipe, the court's conclusion would have been of a self-evident fact of common knowledge, of which judicial notice could be taken. See cases such as *Preston* v. *Norwich Compressed Air Power Co.*, 83 Conn. 561, 567, 78 A. 312; *Giddings* v. *Honan*, 114 Conn. 473, 476, 159 A. 271. This, in effect, was the substance and extent of the testimony of an expert witness called by the plaintiffs. But the facts presented no such simple situation. In the first place, there is nothing to indicate that in an ordinary storm the twelve-inch pipes would be filled to capacity or even to such an extent that they would be carrying more water than the four-inch pipe could accommodate. Secondly, the twelve-inch pipes were not connected directly to the four-inch pipe but led into the middle receiver, the storage capacity of which is not indicated, either in gross or in the part, if any, below the outlet of the four-inch pipe. There is nothing to indicate the maximum volume of water which would flow into the receivers, or any one of them, during an ordinary storm, nor their cubic capacity, nor that there was any backing up or overflow of water at the middle receiver, into which the two twelve-inch pipes emptied. In short, there is no basis for a conclusion that the four-inch pipe was inadequate for accommodating the water which, in an ordinary storm, it would be called upon to carry from the middle receiver. Furthermore, any inadequacy of the four-inch pipe was immaterial in this case un-

less it could be found to be a proximate cause of the flooding.

The facts found, even without the deletions of subordinate facts to which the defendant is entitled, leave no support for the court's conclusions. Whether the flooding was caused by the inadequacy of the four-inch pipe, by the fact that on the days in question it was clogged, or by some other factor is left a matter of pure speculation and conjecture. Why the system should have experienced flooding during these two moderate storms, but not during any other storm over a period of two years, is left unexplained. In this situation the court should have rendered judgment for the defendant, and its failure so to do was erroneous. This conclusion makes unnecessary a consideration of the other claims of error.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.