ANTOINETTE F. DION *v.* PUBLIC UTILITIES COMMISSION ET AL.

SUPERIOR COURT          WINDHAM COUNTY          FILE No. 12393

Memorandum filed April 23, 1963

*Joseloff, Murrett & Knierim,* of Hartford, for the plaintiff.

*Albert L. Coles,* attorney general, and *Samuel Kanell,* assistant attorney general, for defendant Public Utilities Commission.

*Basil T. Tsakònas* and *Thomas E. Dupont,* of Danielson, for defendant Stanley S. Barstow d.b.a. Barstow Transportation.

LOISELLE, J.  Stanley S. Barstow, doing business as Barstow Transportation, hereinafter referred to as Barstow, on August 8, 1962, made application to the public utilities commission, hereinafter referred to as the commission, for an amendment to his certificate to operate a motor bus service which would allow him to operate a bus between Putnam, Connecticut, and the United Aircraft Corporation in East Hartford, Connecticut, via Danielson and Willimantic.  The application also requested authority to operate a motor bus service between Putnam and the Electric Boat Company in Groton,

Connecticut. This latter portion of the application is not in issue in this appeal. On October 10, 1962, a hearing was held before a hearing examiner designated by the commission. On November 7, 1962, the commission issued its finding of fact and ordered that an appropriate amendment be made to Barstow's certificate which would authorize the additional authority sought in the application.

The plaintiff holds a permit to operate a motor vehicle in livery service. She appeared, by her agent, at the October 10, 1962, hearing and was represented by counsel, who participated in the hearing. She protested only the issuance of a certificate which would allow the pickup and discharge of passengers from the Willimantic area to East Hartford at the United Aircraft Corporation. The plaintiff appeals the order of the commission on seven grounds, but they may be summarized, as is done in the plaintiff's brief, into three issues: (1) that the commission acted arbitrarily and abused its powers in granting the authority sought in the application without any evidence of public convenience and necessity; (2) that the commission acted arbitrarily, illegally and exceeded its powers in its erroneous interpretation of General Statutes § 16-326 (c); and (3) that the commission acted arbitrarily, illegally, and exceeded its powers in failing to take into consideration the effect of the grant of authority on the plaintiff's permit or business.

The function of the court in an appeal such as the instant one is limited to that of determining from the record whether or not the plaintiff has proven that the commission acted illegally, arbitrarily or in excess of its statutory authority. *Anthony Augliera, Inc.* v. *Loughlin,* 149 Conn. 478, 482 (1962).

General Statutes § 16-309 requires that the commission specify that public convenience and necessity require the operation of a motor bus over a route before a certificate to operate a motor bus over that route be issued. The plaintiff claims that the commission issued the amendment to Barstow's certificate without any evidence of public convenience and necessity, at least between the Willimantic area and the United Aircraft Corporation in East Hartford. Barstow testified that four of his passengers come from the Willimantic area and meet his bus on its other route at Mansfield; that he had had about thirty requests in the previous three or four months to provide service from the Willimantic area; and that on the previous Saturday four persons made requests to him personally that he obtain a certificate to provide bus service to the United Aircraft Corporation plant for the Willimantic area. The witness St. Martin, a passenger on Barstow's motor bus, testified that about ten persons from the Willimantic area had made repeated inquiries of him regarding Barstow's application to furnish bus service from that area. The commission also was aware that no motor bus service was furnished from the Willimantic area to United Aircraft Corporation in East Hartford at the times of the beginning and ending of the three shifts.

The plaintiff claims that whatever evidence was produced on public convenience and necessity was hearsay and consequently incompetent. Administrative agencies are not bound by strict rules of evidence. *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.,* 145 Conn. 243, 263 (1958). Hearsay evidence offered in administrative hearings subject to contradiction from the opposition is entitled to such weight as the board deems it worthy to receive. *McMahon* v. *Board of*

*Zoning Appeals,* 140 Conn. 433, 435 (1953). Here, the hearsay evidence was given without objection, and it remained in the case for what it was worth. *Sizer* v. *Linney,* 146 Conn. 457, 458 (1959). The only objection to some of this evidence was based on irrelevancy rather than on hearsay. This being so, objection cannot now be made on the ground of hearsay. *Salvatore* v. *Hayden,* 144 Conn. 437, 443 (1957). The court is not unmindful of the case of *Zawisza* v. *Quality Name Plate, Inc.,* 149 Conn. 115 (1961). However, in that case the testimony was that of an opinion which was incompetent evidence and which was seasonally objected to at the time of the hearing. It cannot be found that there was insufficient evidence from which a finding of public convenience and necessity could be made.

The plaintiff's claim that the commission erred in distinguishing between the holder of livery authority and the holder of motor bus authority cannot be sustained. The statutes have specific classes of motor carriers of passengers for hire, namely, regular route motor bus common carriers (chapter 286); taxicabs (chapter 287); and motor vehicles in livery service (chapter 288). Each class furnishes a distinct type of service as defined by statute and which has long been recognized. In 1959, General Statutes § 16-326 was amended to require a finding by the commission of public convenience and necessity before it could issue a livery permit. By virtue of part (c) of the amendment, all existing permits were confirmed and designated as permits of public convenience and necessity. The plaintiff, having had a livery permit since 1948, was thereby included. The plaintiff claims that by now requiring a finding of public convenience and necessity before the issuance of a livery permit, the distinction between a livery permit and a motor bus common carrier certificate is in designation only

and not in substance, and consequently the differentiation which the commission depends upon is nonexistent. The commission's explanation of the distinction between the two is self-explanatory and need not be reiterated here. This distinction is readily apparent in the relevant statutes pertaining to each class of motor carrier of passengers for hire. General Statutes § 16-312 (a) designates a holder of a certificate for a motor bus to be a common carrier. There is no such provision in regard to motor vehicles in livery service. In fact, a private carrier may not be converted into a common carrier by mere legislative fiat. Note, 175 A.L.R. 1333, 1337. This is true even though private carriers are required to show a public convenience and necessity for their services. Id., 1338. The commission not only did observe the distinction between the certificate sought by Barstow and the permit held by the plaintiff but was obligated so to do by statutory requirement.

Because of the limited nature of a livery service, it cannot be found that the existence of a livery service capable of being expanded in a designated area is deemed to constitute a sufficient basis to deny an application for regular route motor bus common carrier service upon a showing of a public convenience and necessity for such regular route service.

The plaintiff's final claim, that the commission exceeded its powers in failing to take into consideration the effect of the grant of authority on the plaintiff's livery permit, cannot be supported. The plaintiff's premise for this claim is that Barstow and the plaintiff are furnishing the same type of service or services so similar in nature that to classify them separately is to make a distinction without a difference. The comments made on the plaintiff's second claim are applicable here. Bar-

stow's certificate and the plaintiff's permit are distinct types of authority to carry passengers for hire, with distinct obligations to the public. The commission did not ignore or fail to take into consideration the fact that the plaintiff did have a livery service permit. If the plaintiff had a motor bus certificate, her argument would be more forceful, especially if no opportunity was given to her to furnish such services as are required. However, in this instance the plaintiff is a private carrier of passengers for hire, which passengers she has a right to select.

The commission has the right to foster a fair distribution of traffic between contract carriers and common carriers, and the court cannot find that the commission is legally obliged to protect a private carrier of passengers for hire from the competition of a common carrier, especially where none is now serving the public. The cases seem to indicate a protection for common carriers. Note, 109 A.L.R. 550, 562. Further, no evidence is present in the transcript of the hearing, other than the fear of the plaintiff's agent, that the plaintiff's business will suffer if the motor bus certificate is authorized. The plaintiff has failed to prove that the commission exceeded its powers in failing to take into consideration the effect which the grant to Barstow would have on her permit.

The appeal is dismissed.