[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Agraciada Maldonado and A.J.L. Enterprises Inc., (Maldonado) alleged in their complaint they owned property located at or near the intersection of North Elm Street and North Main Street in the City of Waterbury in June and July, 1991, and August, 1993. Damage to their property allegedly occurred on or about those dates due to water entering their property from North Main Street, allegedly caused by the defendant's City of Waterbury's negligent construction and/or maintenance of the storm drainage system which surrounded the property.
The plaintiffs have filed a four count complaint grounded in common-law negligence (first count), common-law nuisance (second count), negligence pursuant to General Statutes § 13a-149
(third count), and violation of General Statutes § 22a-427
(fourth count). The defendant has filed a motion for summary judgment (#118) as to all four counts on the grounds that the CT Page 1384-I defendant enjoys governmental immunity from common-law negligence and nuisance claims of this type, that § 13a-149 provides the exclusive remedy for damages suffered as a result of a defective highway, and that the plaintiffs have not sufficiently pleaded a violation of § 22a-427. The defendant has filed in support of its motion an affidavit by Patrick T. Drewry, City Clerk for the City of Waterbury. The plaintiffs have agreed that the motion may be granted as to count four.
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial."Orenstein v. Buckingham Corporation, 205 Conn. 572, 574,534 A.2d 1172 (1987). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour,186 Conn. 632, 647, 443 A.2d 471 (1982). "[T]he moving party for summary judgment is held to a strict standard . . . of demonstrating [its] entitlement to summary judgment." Kakadelis v. DeFabritis,191 Conn. 276, 282, 464 A.2d 57 (1983). "To satisfy [its] burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of CT Page 1384-J any genuine issue of material fact." Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 488, 280 A.2d 359 (1971). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317,477 A.2d 1005 (1984).
"The proper way to have tested the legal sufficiency of the complaint would have been by demurrer [motion to strike] before the pleadings were closed or, after an answer had been filed, by a motion for summary judgment . . . ." Boucher Agency, Inc. v.Zimmer, 160 Conn. 404, 409, 279 A.2d 540 (1971). "Both the motion to strike and motion for summary judgment test the legal sufficiency of a cause of action . . . ." Camp v. Chase, 39 Conn. Sup. 264,267 n. 1, 476 A.2d 1087 (Super.Ct. 1983).
"Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). CT Page 1384-K
First Count
The defendant claims that it is immune from the plaintiffs' common-law negligence claim in the first count of the revised complaint due to the fact that it enjoys governmental immunity from this type of claim. "A suit against a municipality is not a suit against a sovereign." Murphy v. Ives, 151 Conn. 259, 264,196 A.2d 596 (1963). "Towns have no sovereign immunity and are `capable of suing and being sued.'" (Citations omitted.) Id.; see also Giannitti v. Stamford, 25 Conn. App. 67, 79, 593 A.2d 140
(1991); Fukelman v. Middletown, 4 Conn. App. 30, 32, 492 A.2d 214
(1985). "Municipalities do, in certain circumstances have a governmental immunity from liability." Murphy v. Ives, supra,151 Conn. 264; see also White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990).
"Governmental immunity, however, is not a blanket protection for all official acts. For example, [a] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts . . . ." (Citations omitted, CT Page 1384-L internal quotation marks omitted.) Heigl v. Board of Education,218 Conn. 1, 4, 587 A.2d 423 (1991). "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Citations omitted.) Gauvin v. New Haven, 187 Conn. 180,184, 445 A.2d 1 (1982). "[T]he determination of whether the act complained of constituted a ministerial or governmental act is a matter of law for the court to decide. See Heigl v. Board ofEducation, supra [218 Conn. 1]; Evon v. Andrews, 211 Conn. 501,559, A.2d 1131 (1989); Gordon v. Bridgeport Housing Authority,
supra [208 Conn. 161]." Redfearn v. Ennis, 28 Conn. App. 398,401, 610 A.2d 1338 (1992).
The defendant claims that the construction and/or maintenance of the city's storm drainage system are governmental acts. The defendant relies on Pluhowsky v. New Haven, 151 Conn. 337, 348,197 A.2d 645 (1967), for this contention and for the further contention that it was under no ministerial duty to correct the defect alleged by the plaintiffs in this case. In Pluhowsky, the CT Page 1384-M plaintiff filed claims of common-law negligence and nuisance against the City of New Haven in a separate count, as well as similar claims in a further count against certain individual municipal employees of the City of New Haven, for damages incurred from a defective sewer system resulting in street flooding. This flooding caused the motor vehicle in which the plaintiff was a passenger to lose control. The Court there observed, "[m]oreover, so far as defective conditions in highways are concerned, there is no liability on the part of a municipality in a common-law action of negligence . . . ." Id. The common-law negligence claim in the first count in the present case is not based on defective highway conditions as inPluhowsky. In the present case, the plaintiffs base their common-law negligence claim on alleged negligent and careless construction and/or maintenance of the city's storm drainage system. There is no allegation in the first count that any highway or roadway was defective, or that the injuries complained of occurred on the highway or roadway. The only reference to a highway or roadway in the first count is in regard to the location of the storm drainage system, and the direction of the waterflow which allegedly caused the plaintiffs' damages. CT Page 1384-N
The plaintiffs argue that Spitzer v. Waterbury, 113 Conn. 84,154 A. 157 (1931) controls the present issue. In Spitzer, the plaintiffs filed negligence claims against the City of Waterbury for damages incurred from inadequate design and maintenance of the city's storm water sewer system, causing the plaintiffs' cellar to flood. The Court stated,
 [t]he defendant city under its charter is authorized to lay out and provide a drainage system, and as alleged in the complaint, has provided storm water sewers as incidental to its duty to maintain its streets. Clearly the duty to provide such drains, authorized by the defendant's charter, is governmental in its nature. . . . The court found that the city exercised due care in keeping its storm water system free from obstructions. It was also bound to exercise due care in the construction of its storm water sewers, and would be liable for its failure to do so though the work was done in the performance of a public and governmental duty. . . . The work ofCT Page 1384-O constructing drains and sewers, as well as that of keeping them in repair is ministerial, and the municipality is responsible for negligence in its performance. . . . If, apart from any defect in the plan, the city's employees had so negligently and improperly constructed the outlet of this storm water sewer that, under conditions reasonably to be anticipated, it would not carry off the water collected by it, the city would be responsible for damage directly resulting to the plaintiffs' property.
(Emphasis added.) Id., 88. Following Spitzer, the defendant's motion for summary judgment as to the first count of the plaintiffs' revised complaint should be and is denied.
Second Count
The second count of the plaintiffs' revised complaint is based on common-law nuisance. The defendant contends that it is entitled to judgment as a matter of law as to this count, as General Statutes § 52-557n[1] "makes [§] 13a-149 of the CT Page 1384-P General Statutes the exclusive remedy for the bringing of a highway defect claim." General Statutes § 13a-149 provides in relevant part, "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair."
In reconciling §§ 52-557n and 13a-149, the Connecticut Supreme Court stated in Sanzone v. Board of Police Commissioners,219 Conn. 179, 592 A.2d 912 (1991), that,
 [w]e have held that a highway defect is [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . . Hewison v. New Haven, 34 Conn. 136, 142 [91 App.Div. 718 (1867); . . . In Hewison, we distinguished such highway defects from those objects which have no necessary connexion with the road bed, or the public travel thereon, and which may expose a person to danger, not as a traveler, but CT Page 1384-Q independent of the highway. . . .
(Citations omitted; internal quotation marks omitted.) Id., 202. The plaintiffs allege in the second count that they "suffered damage to their property and contents therein as a result of water entering from North Main Street, Waterbury, Connecticut." The plaintiffs further allege that the damages occurred as a result of the negligent and careless construction and/or maintenance of the storm drainage system through the positive acts of the defendant which created a nuisance on the plaintiffs' property by way of refuse, filth and water being discharged thereon.
Simply because the plaintiffs allege that the debris entered the roadway before it entered the plaintiffs' property, it does not follow that the plaintiffs are alleging a "highway defect." There are no allegations in the second count that amount to a "highway defect" as defined in Sanzone. Accordingly, based on the reasoning in Sanzone, the defendant's motion for summary judgment as to the second count should be and is denied.
Third Count
CT Page 1384-R
The third count of the plaintiffs' revised complaint is a claim of negligence pursuant to General Statutes § 13a-149. Here, the plaintiffs have simply failed to claim and make any showing they were travelers on the highway subject to the provisions of § 13a-149. See Sanzone v. Board of PoliceCommission, supra at 202.
Accordingly, the motion for summary judgment to the third count is granted.
Fourth Count
The court grants the defendant's motion for summary judgment as to the fourth count as agreed to by the plaintiffs.
McDONALD, J.