[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to strike that requires consideration of the relationship between the municipal immunity enactments codified as C.G.S. § 52-557n(a)(2) and §52-557n(b)(2).
The plaintiff alleges that his decedent died on June 1, 1997 while swimming at the East Mountain Reservoir, which the CT Page 8019 plaintiff identifies as a public facility of the City of Waterbury. The plaintiff alleges that the City knew or should have known that people had been using the reservoir for swimming and that it is liable for negligently failing to put up signs prohibiting swimming, for failing to fence and patrol the area to prevent swimming, and for failing to provide "a lifeguard or any swimming safety protections." The complaint contains a single count alleging only common law negligence. No statutory liability is alleged.
 Standard of review
The function of a motion to strike is to test the legal sufficiency of the allegations of a complaint to state a claim upon which relief may be granted. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 234 Conn. 210, 214-15 (1992); Ferrymanv. Groton, 212 Conn. 138, 142 (1989); Practice Book § 10-39. In adjudicating a motion to strike, the court must construe the facts in the complaint in a manner most favorable to the plaintiff. Faulkner v. United Technologies, Corp., 240 Conn. 576,582 (1997); Bohan v. Last, 236 Conn. 670, 675 (1996); Sassone v.Lepore, 226 Conn. 773, 780 (1993); Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. at 215; Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988).
 Immunity
The Connecticut Supreme Court ruled in Williams v. New Haven,243 Conn. 763, 764 (1988) that a plaintiff may not recover for negligence by a municipality for performance of discretionary government functions unless a statute expressly provides an exception to the governmental immunity recognized at common law. The Court noted that at common law a municipal corporation is not liable for negligence in the performance of a government function and that a cause of action cannot be maintained against a municipality for negligence unless the legislature has enacted a statute abrogating that immunity.
In Williams, the Supreme Court noted that "[t]he legislature has . . . set forth general principles of municipal liability and immunity in General Statutes § 52-557n." Williams v. NewHaven, 243 Conn. at 767. Observing that the plaintiff had not relied on this statute but had pleaded only common law negligence, the Court did not identify any abrogation of common law immunity arising from any provision of § 52-557n. CT Page 8020
Conn. Gen. Stat. § 52-557n(a) provides that municipalities shall be liable for negligence in some enumerated circumstances; however the statute, at § 52-557n(a)(2) excepts liability for "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." Accordingly, § 52-577n appears to preserve the prior common law immunity of a municipality for government functions that are discretionary rather than ministerial. Indeed, in Elliott v. Cityof Waterbury, 245 Conn. 385 (1998), the Supreme Court followed the premise that § 52-557n(a)(2) codifies the prior common law immunity of municipalities for governmental acts involving the exercise of judgment or discretion.
The plaintiff claims that a statutory exception to municipal immunity is created by § 52-577n(b)(2), which provides that "1) [n]otwithstanding the provisions of subsection (a) of this section, a political subdivision "shall not be liable for damages to person or property resulting from . . . 2) The condition of a reservoir, dam, canal, conduit, drain or similar structure when used by a person in a manner which is not reasonably foreseeable." The plaintiff construes this provision as creating a statutory exception to municipal immunity, arguing that if a municipality is not liable if the reservoir is used in an unforeseeable fashion, the statute means that a municipality is liable if the reservoir is used in a foreseeable fashion. Such a construction would negate the recognition in subsection (a) of immunity for discretionary governmental acts.
The plaintiff has identified the reservoir at issue as "a public facility of the City of Waterbury." (Complaint, paragraph 2). There is no way of telling from the scanty facts alleged whether the plaintiff's decedent's use of the premises involved a governmental function or some proprietary use of the area, such as the operation of a fee-generating recreational facility.
Though § 52-557n explicitly provides for immunity for performance of discretionary governmental functions, the statute does not on its face, provide or recognize immunity if the functions at issue are proprietary, that is, functions performed to benefit the corporate government entity by generating revenue, as opposed to governmental functions performed to CT Page 8021 benefit the public in general. See Winchester v. Cox,129 Conn. 706, 109 (1942); Couture v. Board of Education, 6 Conn. App. 309,312 (1986). Indeed, at § 52-557n(a)(1)(B) the statute provides that political subdivisions shall be liable for "negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit."
Where it is apparent from the face of the complaint that the municipality was engaged in a governmental function while performing the acts or omissions complained of by a plaintiff, the defense of governmental immunity may be decided as a matter of law raised by a motion to strike. Gordon v. BridgeportHousing Authority, 208 Conn. 161 (1988); Brown v. Branford,12 Conn. App. 106, 111 n. 3 (1987). Since liability has been found to arise from a drowning at a Waterbury reservoir in Salaman v. Cityof Waterbury, 44 Conn. App. 211, cert. granted, 240 Conn. 921
(1997), there is reason to doubt that Waterbury's reservoirs are solely governmental in operation, though the immunity issue is not discussed by the Appellate Court in that case.
Under the standard of review applicable to motions to strike, this court is unable to conclude that there is no set of facts provable under the allegations of the complaint that would be outside the scope of the claimed immunity.
Similarly, the sparseness of the factual allegations do not allow this court to determine whether or not any facts exist that would support a conclusion that any of the acts claimed to have been negligent constitute ministerial acts, that is, acts that are to be performed in a prescribed manner without the exercise of judgment or discretion. See Wright v. Brown, 167 Conn. 464,471 (1975); Pluhowsky v. New Haven, 151 Conn. 337, 347 (1964).
The plaintiff has, moreover, claimed that his decedent was an identifiable victim within the meaning of Evon v. Andrews,211 Conn. 501, 505 (1989). In that case and in Burns v. StamfordBoard of Education, 228 Conn. 640 (1994), the Supreme Court recognized an exception to immunity for municipal agents or employees for discretionary governmental acts. That exception applies where the circumstances make it apparent to a public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. The plaintiff in the case before this court has not sued any municipal employees but only the City itself; and unlike the injured plaintiff in CT Page 8022Burns and in Purzycki v. Fairfield, 244 Conn. 101 (1998) the plaintiff's decedent is not alleged to have been compelled by law to be present on the premises alleged to have been negligently maintained. Under the standard of review required by Bohan v.Last, supra, however, this court cannot determine that there is no set of facts that would support the application of this exception to the City's immunity from discretionary governmental acts.
 Scope of § 52-557n(b)(2)
While the plaintiff's action survives the motion to strike because of the possible existence of facts that would bring it within the scope of liability for proprietary or for ministerial functions, this court rejects the argument that § 52-557n(b)(2) authorizes the cause of action.
Section 52-557n(b) provides that: "[n]otwithstanding the provisions of subsection (a) of this section, a political subdivision . . . shall not be liable for damages to person or property resulting from . . . (2) the condition of a reservoir, dam, canal, conduit, drain or similar structure when used by a person in a manner which is not reasonably foreseeable . . ." Some reservoirs are parts of proprietary water utility companies operated by government entities, and some functions on reservoir property may be ministerial. Sec. 52-557n(b)(2) narrows the circumstances in which a municipality may be liable for negligence arising from non-immune functions of reservoirs. Thus, the effect of § 52-557n(b)(2) is to restrict liability for proprietary operations or ministerial functions at reservoirs to situations in which the injured party was using the property in a foreseeable manner, not to remove immunity in general with regard to reservoirs. This provision does not, by negative implication, create liability for discretionary government acts with regard to operation of a reservoir that is not claimed to be a corporate or proprietary activity of the municipality.
As the defendant has pointed out in its brief, if the provisions of § 52-557n(b)(2) are read as creating affirmative liability rather than clarifying the scope of immunity, the other provisions of subsection (b) would have to be read in the same way, an unlikely construction given the nature of these other provisions.
 Conclusion CT Page 8023
The allegations of the complaint do not preclude the plaintiff from proving circumstances that would not be covered by the municipality's immunity for negligent performance of discretionary governmental acts. The motion to strike for failure to state a cause of action upon which relief may be granted is, accordingly, denied.
HODGSON, J.